Sam L. Levine, Esq.
Law Office of Sam L. Levine, LLC
1014 Havenridge Lane, N.E.
Atlanta, Georgia 30319

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| SAM L. LEVINE,<br><br>   PLAINTIFF,<br><br>  v.<br><br>STATE BAR OF GEORGIA, William J. Cobb, in his official capacity as Assistant General Counsel, Paula Frederick, in her official capacity as General Counsel, John Shiptenko, in his official capacity as Senior Assistant General Counsel, Adrienne Nash, in her official capacity as Grievance Counsel, Wolanda Shelton, in her official capacity as Grievance Counsel, John Newberry, in his official capacity as Investigative Panel Member, Sherry Boston, in her official capacity as Chairperson of the Investigative Panel, Bryan Cavan, in his official capacity as Coordinating Special Master, Miller & Martin, PLLC, Patrick Head, in his official capacity as Appointed Special Master and Anthony Askew, in his official capacity as Chairman of the capacity as Chairman of the State Bar Review Panel and Meunier, Carlin and Curfman, LLC<br><br>   Defendants. | Case No.: 1:17-cv-4593-SCJ |

- 1 -

# PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT FOR EMERGENCY PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES

NOW COMES, Plaintiff, Sam Louis Levine as ordered by the Court and hereby files his *Second Amended Complaint for Preliminary and Permanent Injunctive Relief and Declaratory Relief* by adding the following paragraphs.

## SUBJECT MATTER JURISDICTION

In addition to the bases for this court having subject matter jurisdiction already asserted by Plaintiff in his original complaint, first amended complaint and response/reply brief related to Defendants Motion to Dismiss, Plaintiff states the following.

As have been previously asserted by Plaintiff, this court has subject matter jurisdiction under 28 USC 1331 by virtue of the federal questions involved.

## SUPPLEMENTAL JURISDICTION

In addition, this court has Supplemental Jurisdiction over this case pursuant to 28 U.S.C. 1367(b).  Supplemental jurisdiction is the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently.  28 U.S.C. § 1367 is a codification of the Supreme Court's rulings on ancillary jurisdiction (Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978) and pendent jurisdiction (United Mine Workers of

America v. Gibbs, 383 U.S. 715 (1966) and a superseding of the Court's treatment of pendent party jurisdiction (Finley v. United States, 490 U.S. 545 (1989).

By default, courts have supplemental jurisdiction over "all other claims that are so related . . . that they form part of the same case or controversy" (§ 1367(a). The true test being that the new claim "arises from the same set of operative facts." This means a federal court hearing a federal claim can also hear substantially related state law claims, thereby encouraging efficiency by only having one trial at the federal level rather than one trial in federal court and another in state court.

The Supplemental Jurisdiction by the court gives Federal Courts the power to hear a closely related state law claim against a party already facing a federal claim, described by the Supreme Court as "jurisdiction over nonfederal claims between parties litigating other matters properly before the court."[1] Such jurisdiction is granted to encourage both "economy in litigation",[2] and fairness by eliminating the need for a separate federal and state trial hearing essentially the same facts yet potentially reaching opposite conclusions.

Supplemental Jurisdiction also refers to the court's authority to adjudicate claims it could not otherwise hear.

The leading case on pendent jurisdiction is United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). Gibbs has been read to require that (1) there must be a federal claim (whether from the Constitution, federal statute, or

treaty) and (2) the non-federal claim arises "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding."

The facts in the instant case satisfy this requirement in order for the court to exercise jurisdiction.

Moreover, Supplemental Jurisdiction also gives the Federal Court power to hear non-federal claims sufficiently logically dependent on a federal "anchor claim" (i.e., a federal claim serving as the basis for supplemental jurisdiction), despite that such courts would otherwise lack jurisdiction over such claims.

Plaintiff's pending counterclaim against the State Bar also supports this court having supplemental jurisdiction to hear this case. *Moore v. New York Cotton Exchange; Owen Equipment & Erection Co. v. Kroger.*

Under 28 USC 1367(a), "in any civil action of which the district courts have original jurisdiction, which includes the instant one, the district courts shall have supplemental jurisdiction over all other claims that are so related" to the dispute the court has jurisdiction over.

In short, 1367(a) gives supplemental jurisdiction over all claims related to the original proceeding that the federal court has jurisdiction over, which have been previously established.

# FEDERAL ANTI-INJUNCTION ACT

This court also has jurisdiction to hear this matter under the *Expressly Authorized Exception* to the Anti-Injunction Act under 28 U.S.C. § 2283.

A federal injunction against a state proceeding is appropriate when "expressly authorized by Act of Congress" (the Expressly Authorized Exception).

The test is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by staying state court proceeding."

Among the statutes recognized as express authorization to grant an injunction under the *expressly authorized* exception is 42 U.S.C. 1983, plead by Plaintiff in the instant complaint against the State Bar.

## 28 U.S.C. 242 – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

In the instant case, Plaintiff is seeking redress for deprivation of his rights and privileges by the State Bar under this code section, which by definition constitutes a federal question and in turn subject matter jurisdiction by the court.

Under 18 U.S.C. 242, "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States…."

Here, Plaintiff asserts that the State Bar violated his rights and privileges under the Constitution with which he seeks a remedy for by the court authorized to do so.

## 42 U.S.C. 1981 – PUBLIC HEALTH & WELFARE/EQUAL RIGHTS UNDER THE LAW

The application of this code section raised and invoked by Plaintiff in his previously filed pleadings gives this court subject matter jurisdiction.

Specifically, it states that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

The rights protected by this section are protected against impairment by nongovernment discrimination and impairment under color of State law, which is is on point for the type of relief sought by Plaintiff.

## 42 U.S.C. 114 – PROTECTION AND ADVOCACY FOR INDIVIDUALS WITH MENTAL ILLNESS

The next basis for this court having subject matter jurisdiction is under this federal code section and involves and concerns Congress' findings under Sec. 10801 that (1) individuals with mental illness are vulnerable to abuse and serious injury, 2) are subject to neglect and as individuals, 3) are entitled to protection of their rights and to take advantage of the state's protection and advocacy system, which to date, has been denied Plaintiff, 4) are entitled to the protection, advocacy and enforcement of any violation of their rights under the constitution, federal and state statutes and 5) are entitled to have incidents of abuse and neglect reported, investigated and intervened on by State and Federal officials if there is probable cause to believe that the incidents occurred.

While these matters have been raised previously, they have not been acted upon. This federal statute in point of fact involves a federal question, which this court has jurisdiction over.

## HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT

During the bar disciplinary proceedings, Defendant Bill Cobb and Investigative Panel Member, John Newberry, violated Respondent's HIPAA rights when John Newberry, at the direction of Bar Counsel Bill Cobb, sent document subpoenas (3rd Party Request for Production of Documents) to two (2)

of Respondent's medical providers attempting to obtain his medical records without a release, without proper notice to Respondent and without Respondent's knowledge, permission or consent.

In addition, Newberry, again under the direction of Cobb, sent the same document subpoena to the Dekalb County Clerk's office attempting to obtain medical records from a "sealed" file, also without a release, without proper notice to Respondent and without Respondent's knowledge, permission or consent and as such, they violated Respondent's HIPAA rights, which involves a federal question over which this court has jurisdiction over.

For the foregoing reasons, this court has subject matter jurisdiction and therefore requests that the court deny Defendants' motion to dismiss.

Dated: January 4, 2018.

                                        /s/ Sam L. Levine
                                        Sam L. L. Levine, Esq.
                                        Plaintiff Pro Se

Law Office of Sam Levine, LLC
Sam L. Levine, Esq.
1014 Havenridge Lane, NE
Atlanta, Georgia  30319
(404) 841-7090
sam@samlevine.com

I certify that I have this day served upon all parties to this matter *Plaintiff's Second Amended Complaint* through the ECF system as follows:

>Robert Goldstucker, Esq.
>bgoldstucker@nallmiller.com
>
>Patrick Nish Arndt, Esq.
>parndt@nallmiller.com

Dated:  January 4, 2018.

>LAW OFFICE OF SAM LEVINE, LLC
>
>/s/ Sam L. Levine
>Sam L. L. Levine, Esq.
>Plaintiff Pro Se

Law Office of Sam Levine, LLC
Sam L. Levine, Esq.
1014 Havenridge Lane, NE
Atlanta, Georgia  30319
(404) 841-7090
sam@samlevine.com